EL PUEBLO, DEMANDANTE Y APELADO, *v.* CAMACHO, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción de la Ley de Rentas Internas.

No. 668.—Resuelto en mayo 1, 1914.

LUGAR DE LA COMISIÓN DEL DELITO—INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS.—Examinada la prueba presentada en este caso *se resolvió* que había quedado demostrado que el delito imputado al acusado fué cometido dentro de la jurisdicción de la corte inferior.

INFRACCIÓN DE LAS LEYES DE RENTAS INTERNAS—FÁBRICA CLANDESTINA DE CIGARROS—RESPONSABILIDAD DE LOS TABAQUEROS.—Para que el tabaquero que trabaja en una fábrica clandestina de cigarros sea responsable del delito de infracción de las Leyes de Rentas Internas consistente en que el dueño de la fábrica no tenía la patente que exige la ley, es necesario que lo haga con conocimiento de que tal dueño no ha cumplido con dichos requisitos.

Los hechos están expresados en la opinión.

Abogado del Pueblo: *Sr. Charles E. Foote, Fiscal.*

Abogado del apelante: *Sr. Francisco González.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

Se trata de un recurso de apelación interpuesto por Julio

Camacho contra sentencia que en grado de apelación y me-
diante celebración de nuevo juicio, pronunció la Corte de
Distrito de Humacao en 5 de abril del año próximo pasado
declarando al acusado culpable de infracción a la Ley de
Rentas Internas, e imponiéndole la pena de $50 de multa o
un día de cárcel por cada dólar que deje de pagar, y las costas.

En la denuncia se imputa al acusado el delito de infrac-
ción de la sección 49 de la Ley de Rentas internas de marzo
1911, porque "en uno de los días del mes de enero de 1913
y en el barrio Collores de Las Piedras, municipalidad de
Humacao, del distrito judicial municipal de Humacao, P. R.,
que forma parte del distrito judicial de Humacao, P. R., el
citado acusado Julio Camacho, a sabiendas y voluntariamente,
consintió y ayudó a Fernando López a violar las disposiciones
de la Ley de Rentas Internas de Puerto Rico, elaborando ciga
rros en una fábrica clandestina que tenía el López en su casa,
con perfecto conocimiento de que el López no tenía patente ni
había prestado la fianza como tal fabricante de cigarros."

Aunque no aparece en la sentencia transcrita en el récord
cual sea la infracción de la Ley de Rentas Internas de que
se declara culpable al acusado, en el escrito de exposición
del caso aprobado por el juez se consigna que la corte declaró
al acusado culpable del delito de infracción de las secciones
9, 17, 18 y 49 de la Ley de Rentas Internas.

Alega la parte apelante como motivos del recurso, que la
corte cometió error: primero, al declarar culpable al acusado
de el delito que se le imputaba, por carecer de jurisdicción;
segundo, al declararlo culpable sin haber sido probados los
hechos esenciales de la denuncia; y tercero, al declarar que
el acusado había infringido las secciones 9 y 17 de la Ley
de Rentas Internas.

El primer motivo del recurso es abiertamente improce-
dente, pues la Corte de Humacao tenía jurisdicción para
conocer del caso tratándose como se trata de un delito que
según los términos de la denuncia había sido cometido en
el barrio de Collores de Las Piedras, municipalidad de Huma-

cao, del distrito judicial municipal de Humacao, P. R., que forma parte del distrito judicial de Humacao, P. R.; pero como el recurrente alega no haberse demostrado en el juicio que la casa de Fernando López donde se supone cometido el delito está situada dentro del municipio de Humacao, estimaremos comprendido en el segundo el primer error apuntado, y examinaremos ambos conjuntamente como pasamos a hacerlo.

Hemos examinado detenidamente la exposición del caso y encontramos suficientemente justificado que la casa en que López tenía establecida una fábrica clandestina de cigarros está situada dentro del término municipal de Humacao, pues así se desprende de las declaraciones de Paul Ruell, agente de rentas internas, y Pedro López Cedeño, policía insular, de los cuales el primero dice que ocupó 595 cigarros sin sellos en la casa de Fernando López en el barrio de Collores, y el segundo, o sea Cedeño, que acompañó al Ruell, y al colector de rentas internas al poblado de Las Piedras para sorprender una fábrica clandestina de tabacos en el barrio de Collores, habiendo ocupado en la casa de Fernándo López 546 cigarros, una cantidad de tabaco en rama y una chaveta de hacer cigarros. Es pues conocido el *locus delicti* a saber, casa de Fernando López, barrio de Collores, poblado de Las Piedras, municipio de Humacao.

Lo que no se ha demostrado es que si bien el acusado elaboró cigarros en la fábrica clandestina de Fernando López, lo hiciera con perfecto conocimiento de que López no tenía patente. La única indicación tendente a demostrar ese conocimiento es la de que según refiere el testigo Paul Ruell en diciembre de 1912 estuvo por los alrededores de la casa de Fernando López y vió que dos o tres hombres salieron corriendo de ella, uno de los cuales era Julio Camacho. Esa indicación por sí sola no puede llevar al ánimo la convicción de la culpabilidad de Camacho fuera de toda duda razonable.

No habiéndose justificado todos los elementos integrantes del delito imputado a Julio Camacho, huelga discutir el tercer motivo del recurso.

El presente caso es casi igual al que lleva el No. 667, *El Pueblo de Puerto Rico* v. *Francisco Díaz,* decidido en esta fecha, en el que pronunciamos sentencia revocatoria de la dictada por la Corte de Distrito de Humacao.

También debe revocarse la dictada por la misma corte en el presente caso.          *Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.